UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD DISNEY,

        Plaintiff,                       Case No. 1:11-cv-1011

v.                                          Honorable Janet T. Neff

RICHARD STAPLETON et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* amended complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed on immunity grounds and/or for failure to state a claim.

**Factual Allegations**

Plaintiff presently is incarcerated at the Cooper Street Correctional Facility but complains of events that occurred at the Lakeland Correctional Facility. In his *pro se* complaint, he sues Hearings Administrator Richard Stapleton, Hearing Officer Unknown Wright, Ingham County Circuit Court Judge Unknown Draganchak and the Michigan Department of Corrections (MDOC).

Plaintiff's complaint concerns the proceedings surrounding a major misconduct ticket. Plaintiff first alleges that he was held in segregation for several days before his misconduct hearing. At his misconduct hearing, Plaintiff argued that he was in segregation for over five business days in violation of MDOC policy. When Wright mentioned that MDOC policy allows for a prisoner to be in segregation for over seven business days, Plaintiff replied that he was actually in segregation for over ten business days in violation of MDOC policy. Wright told Plaintiff to shut up or he would remove Plaintiff from the misconduct proceedings. Plaintiff complains that Wright violated his due process rights because Plaintiff was not allowed to argue that he was in segregation for over ten business days in violation of MDOC policy.

Plaintiff further argues that a hearing officer is supposed to write down everything that is discussed at a major misconduct hearing in his Major Misconduct Hearing Report. Plaintiff complains that Hearing Officer Wright arbitrarily included what he deemed important in Plaintiff's Major Misconduct Hearing Report in violation of state law. Plaintiff states that he has no remedy to correct or add to the Major Misconduct Hearing Report.

As for Judge Draganchak, Plaintiff argues that he failed to follow Michigan law when he denied the appeal of Plaintiff's misconduct conviction. According to MICH. COMP. LAWS § 791.255(4), the review of the trial court is supposed to be confined to the record. Plaintiff claims

that Judge Draganchak reviewed the requirements for a fighting misconduct ticket in the MDOC Hearing Handbook. Because the MDOC Hearing Handbook was not a part of the record, Plaintiff argues that Judge Draganchak violated his equal protection rights. Plaintiff further complains that Judge Draganchak modified Plaintiff's statement of facts and the allegations in his complaint to deny Plaintiff's action in violation of his equal protection rights.

For relief, Petitioner asks the court to reverse the MDOC's decision.

## Discussion

I. Immunity

### A. **Michigan Department of Corrections**

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983

for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court will dismiss Plaintiff's claims against Defendant Michigan Department of Corrections.[1]

  II.  <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P.

---

[1] Because Plaintiff's only requested relief is the reversal of his misconduct conviction, his action does not implicate the immunity granted to judges and hearing officers for monetary damages. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (a judge is absolutely immune from a suit for monetary damages); *Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988) (hearings officers are entitled to absolute judicial immunity from the recovery of damages in inmates' § 1983 suits because they are professionals in the nature of administrative law judges). Consequently, Judge Draganchak and Hearing Officer Wright are not immune from Plaintiff's claims against them.

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Conclusory Allegations**

Plaintiff fails to state a claim against Defendant Stapleton because the complaint does not allege any conduct on his part, much less unconstitutional conduct. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring

allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").

To the extent Plaintiff sues Defendant Stapleton because of Stapleton's supervisory role, he fails to state a claim. Government officials may not be held liable under § 1983 for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948.

Because Plaintiff fails to allege that Defendant Stapleton engaged in any unconstitutional conduct, his claims against him will be dismissed.

B. **Due Process - Misconduct Ticket**

Plaintiff asserts several due process claims with respect to his major misconduct proceedings. Plaintiff first complains that his misconduct proceedings violated MDOC policy

because he was detained in segregation for ten business days before his misconduct hearing. He further complains that Hearing Officer Wright did not incorporate all of the testimony from his misconduct hearing into his Major Misconduct Hearing Report. Plaintiff also claims that Judge Draganchak erroneously reviewed the MDOC Hearing Handbook when deciding the appeal of Plaintiff's misconduct conviction. Plaintiff finally complains that Judge Draganchak modified Plaintiff's statement of facts and the allegations in his complaint to deny Plaintiff's motion.

A prisoner's ability to challenge a prison misconduct conviction depends on whether the conviction implicated any liberty interest. In the seminal case in this area, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that prison officials must follow before depriving a prisoner of good-time credits on account of alleged misbehavior. The *Wolff* Court did not create a free-floating right to process that attaches to all prison disciplinary proceedings; rather the right to process arises only when the prisoner faces a loss of liberty, in the form of a longer prison sentence caused by forfeiture of good-time credits:

> It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior. Nebraska may have the authority to create, or not, a right to a shortened prison sentence through the accumulation of credits for good behavior, and it is true that the Due Process Clause does not require a hearing "in every conceivable case of government impairment of private interest." But the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

*Wolff*, 418 U.S. at 557 (citations omitted).

Plaintiff does not allege that his major misconduct conviction resulted in any loss of good-time credits, nor could he. The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[2] for prisoners convicted for crimes occurring after April 1, 1987. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board. 481 F.3d at 440. Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement. 355 F. App'x at 912; *accord, Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at *4 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation) (holding that "plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011). In the absence of a demonstrated liberty interest, Plaintiff has no due-process claim based on the loss of disciplinary credits. *See Bell v. Anderson*, 301 F. App'x 459, 461-62 (6th Cir. 2008).

Even in the absence of a protectible liberty interest in disciplinary credits, a prisoner may be able to raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation. *See Sandin v. Connor*, 515 U.S. 472 (1995). Plaintiff has not identified any deprivation, much less a significant and atypical deprivation, arising from his convictions. Because Plaintiff's misconduct conviction did not result in either an extension of the

---

[2]For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system. MICH. COMP. LAWS § 800.33(5).

duration of his sentence or some other atypical hardship, his due-process claims fail. *See Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004).

### C. **Equal Protection Clause**

Plaintiff argues that Judge Draganchak violated his equal protection rights by reviewing the MDOC Hearing Handbook before ruling on Plaintiff's action when the handbook was not included in the record of his major misconduct proceedings. Plaintiff also complains that Judge Draganchak violated his equal protection rights by modifying Plaintiff's statement of facts and complaint to fit her ruling on Plaintiff's action.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Plaintiff does not allege that he is a member of a suspect class or any class. *See Jackson v. Jamrog,* 411 F.3d 615, 619 (6th Cir. 2005) ( "[P]risoners are not considered a suspect class for purposes of equal protection litigation."); *see also Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir.1998). Moreover, Plaintiff does not allege that he has suffered any deprivation of a fundamental right. Thus, to establish his equal protection claim based on a "class of one" theory, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's equal protection claims are wholly conclusory. Plaintiff first alleges that he was treated differently because Judge Draganchak reviewed the MDOC Hearing Handbook in violation of MICH. COMP. LAWS § 791.255(4) before reaching a decision on Plaintiff's action.[3] For his second claim, Plaintiff's complains that Judge Draganchak violated his equal protection rights by modifying his statement of facts and complaint to deny Plaintiff's action. In both claims, Plaintiff provides no specific factual allegations that would support a contention that he was intentionally treated differently, and he has identified no similarly situated person who was treated differently. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 129 S. Ct. at 1949 (holding that a court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . .") Accordingly, Plaintiff fails to state an equal-protection claim against Judge Draganchak.

D. **State Law**

Plaintiff argues that Defendant Wright violated MDOC policy by holding him in segregation for ten business days prior to his misconduct hearing. He also claims that Defendant Wright violated state law by refusing to incorporate all of Plaintiff's statements in the Major Misconduct Hearing Report. Finally, Plaintiff alleges that Judge Draganchak violated MICH. COMP. LAWS § 791.255(4) by reviewing the MDOC Hearing Handbook before denying Plaintiff's appeal of his misconduct conviction.

---

[3]The Court notes that MICH. COMP. LAWS § 791.255(4) provides that the trial court's review "shall be confined to the record . . . . The scope of review shall be limited to whether the department's action is authorized by law or rule and whether the decision or order is supported by competent, material and substantial evidence on the whole record." Obviously, the trial court was authorized to review the MDOC Hearing Handbook to determine whether Petitioner's misconduct conviction was authorized.

Defendants' alleged failures to comply with state law, administrative rule or policy do not themselves rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81; *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

Moreover, to the extent that Plaintiff's complaint presents claims under state law against Judge Draganchak, this Court declines to exercise jurisdiction over the state law claims. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993). Plaintiff's state-law claims therefore will be dismissed without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed on immunity grounds and/or for failure to state a claim for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: December 6, 2011          /s/ Janet T. Neff
                                 Janet T. Neff
                                 United States District Judge